IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 4 2016

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

| | | |
|---|---|---|
| MELINDA COFFELT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-933-A |
| | § | |
| GALE DAVIS, OFFICIALLY/ | § | |
| INDIVIDUALLY, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER AS TO PLAINTIFF'S CLAIMS AGAINST DEFENDANT HARVEY RAY HALL, JR.

Through various orders, including a memorandum opinion and order signed December 13, 2016, the court has dismissed the claims of plaintiff, Melinda Coffelt, against all defendants except Harvey Ray Hall, Jr. ("Hall"), alleged to be an attorney appointed to represent plaintiff's grandson (presumably as ad litem). Doc.[1] 1 at 33-34. Plaintiff says that Hall was at all times acting under color of state law. Doc. 1 at 32. She calls him a "dual role attorney," Doc. 1 at 33, without explaining what this means. She says Hall is court appointed by Tarrant County to represent her grandson in Cause No. 323-97474J-12, although her claims against Hall are more focused on his actions related to the private suit she filed, Cause No. 323-100117-14 ("private suit"), Doc. 1 at 60.

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

The specific allegations against Hall are that: on October 7, 2014, he told her certain testimony was being recorded when that turned out not to be the case, Doc. 1 at 40; he was not present on May 18, 2015, because he was in another trial, Doc. 1 at 43; he was "the only Attorney that was active for the July 7, 2015 irregularity in proceedings!", Doc. 1 at 47; he was prohibited from appearing in plaintiff's private suit and received payments[2] prohibited under the Texas Family Code §§ 107.022 and .023, Doc. 1 47, n. 14, 72, 76, 138; he failed to ensure that plaintiff's grandson got his necessary accommodations under his IEP, Doc. 1 at 69; he made misrepresentations concerning July 7, 2015, Doc. 1 at 70; he tried to bribe plaintiff by telling her she would get to see her grandson, id.; he told the jury during the parents' termination hearing that plaintiff was not an option for placement of the grandson, Doc. 1 at 72; he could not give her legal advice but got her to sign her rights away, Doc. 1 at 73; he gave her limited information, Doc. 1 at 74; he mislead her, id.; he gave her five minutes to sign an order or never see her grandson again, Doc. 1 at 75; on October 20, 2015, he gave misleading testimony and made a long closing argument that was not true, id.; he was good at telling stories

_____

[2]She also says that his actions were prohibited because Tarrant County did not pay him. Doc. 1 at 61-62.

that never happened, id.; he failed to inform the judge of what was really happening in October 2013, Doc. 1 at 89; he acted with malice and intent to cause injury, Doc. 1 at 97, 109, 110, 113; he said he did not have to provide information, Doc. 1 at 107; he engaged in outrageous conduct, Doc. 1 at 109; he conspired with his co-defendants, id., 110; he acted in dereliction of duty, Doc. 1 at 111; he breached his duty of care, Doc. 1 at 112; he misused process, Doc. 1 at 113; he negligently undermined plaintiff, Doc. 1 at 114; he participated in ongoing deprivations of, and knowingly violated, plaintiff's constitutional rights, Doc. 1 at 114, 118; he misrepresented his intentions, Doc. 1 at 114; he knowingly decided not to appear for trial in the private suit, Doc. 1 at 115; he engaged in oppressive conduct of misrepresentation, concealing, and aiding and abetting, Doc. 1 at 115, 116; on May 29, 2014, he told the court he did not think plaintiff had standing since her son's parental rights had been terminated, Doc. 1 at 171; and, he failed to timely challenge plaintiff's motion for change of venue by December 20, 2013, Doc. 1 at 171.

In sum, except in a very few instances where she pleads specific facts, plaintiff's allegations regarding Hall are entirely conclusory. Importantly, plaintiff concedes that Hall may have thought he did the right thing, but she does not believe

3

he presented her grandson's needs, wants or desires. Doc. 1 at
161. And, tellingly, she says that Hall "is the product of the
**nature of his appointment**," Doc. 1 at 71.

Papers filed by defendant Tarrant County in support of its
motion to dismiss and of which the court has taken judicial
notice[3], show that on November 2, 2012, Hall was appointed
attorney ad litem and guardian ad litem for plaintiff's grandson
in a suit brought by the Department of Family and Protective
Services ("Department") for protection of a child, for
conservatorship, and for termination of parent-child
relationship, Cause No. 323-97474J-12 in the 323rd Judicial
District Court of Tarrant County, Texas. Doc. 26 at TC-A 49, 55.
On May 2, 2014, plaintiff filed the private suit. Doc. 26 at TC-A
63, 64. The private suit was apparently an attempt to terminate
the mother's rights to the grandson and allow his adoption by
plaintiff. Doc. 26 at TC-A 64, 66. The father's rights had
previously been terminated. Doc. 23 at TC-A 1. The Department
filed a motion to dismiss the private suit, alleging that
plaintiff lacked standing to pursue it. Doc. 26 at TC-A 68. On
July 7, 2015, the judge in the private suit signed an order
dismissing the case, but granting plaintiff visitation and access
to her grandson at least once per month. Doc. 23 at TC-A 35-36.

---

[3]Doc. 40 at 4-5.

Plaintiff signed the order, approving it as to form. Doc. 23 at
TC-A 36. Plaintiff later appealed the dismissal of the private
suit, but the appeal was dismissed as untimely, plaintiff having
failed to respond to the court's notice that it appeared to lack
jurisdiction. Doc. 23 at TC-A 28.

The court is satisfied that with regard to the § 1983
claims Hall is entitled to absolute immunity from suit. Hall v.
Dixon, No. H-09-2611, 2010 WL 3909515, at *40 (S.D. Tex. Sept.
30, 2010). As stated there, an ad litem must be able to function
without fear of possible later harassment and intimidation from
dissatisfied parties. Id. The ad litem is an integral part of the
judicial process ad is entitled to derived judicial immunity. Id.
In addition, an ad litem is not a state actor for purposes of §
1983. Id.

As for the state law claims against Hall, he is entitled to
statutory immunity pursuant to section 107.009 of the Texas
Family Code, which provides:

> A guardian ad litem, an attorney ad litem, or an amicus
> attorney appointed under this chapter is not liable for
> civil damages arising from an action taken, a
> recommendation made, or an opinion given in the
> capacity of guardian ad litem, attorney ad litem, or
> amicus attorney.

Tex. Fam. Code § 107.009. Although certain exceptions apply,
plaintiff has not sufficiently pleaded any facts that would
overcome Hall's entitlement to statutory immunity. Plaintiff's

5

admission that Hall might have thought he did the right thing negates any conscious indifference, reckless disregard, bad faith, gross negligence or willful conduct on his part. There is no exception for a claim of fraud. Zeifman v. Nowlin, 322 S.W.3d 804, 807 (Tex. App.-Austin 2010, no pet.). Nor does an ad litem owe a duty of care to a parent, much less a grandparent. Id. at 809.

For these reasons, the court has determined that plaintiff's claims against Hall should be dismissed. 28 U.S.C. § 1915(e)(2).

The court ORDERS that plaintiff's claims against Hall be, and are hereby, dismissed.

SIGNED December 14, 2016.

JOHN McBRYDE
United States District Judge